IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TENET HEALTHCARE LTD., | § | |
| d/b/a Park Plaza Hospital, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-3534 |
| | § | |
| UNICARE HEALTH PLANS OF | § | |
| TEXAS, INC., | § | |
|     Defendant. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on the Motion for Remand ("Motion") [Doc. # 7] filed by Plaintiff Tenet Healthcare Ltd. d/b/a Park Plaza Hospital ("Tenet"), to which Defendant UniCare Health Plans of Texas, Inc. ("UniCare") filed its Response in Opposition [Doc. # 8]. Plaintiff neither filed a Reply nor requested an extension of time to do so. Having reviewed the full record and the governing legal authorities, the Court **denies** the Motion for Remand.

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Tenet is a Texas health care provider, and UniCare is a health maintenance organization that provides health coverage pursuant to managed care contracts. Tenet and UniCare entered into a Hospital Managed Care Agreement ("Managed Care Agreement"), under which UniCare would pay negotiated rates for Tenet to provide

"covered services" to "members" pursuant to "service agreements." *See* Managed Care Agreement, Exh. A to Response.

Tenet provided medical services to Reba Sylvester, a prior employee of Sheltering Arms Senior Services ("Sheltering Arms"). As an employee, Sylvester was a participant in the Group Service Agreement (the "Service Agreement") between UniCare and Sheltering Arms. Sylvester assigned her rights under the Service Agreement to Tenet.

Tenet alleges that it contacted UniCare to verify Sylvester's coverage under the Service Agreement. Tenet alleges that it provided approximately $241,000.00 worth of medical services to Sylvester based on UniCare's representation that Sylvester was covered. Tenet alleges that UniCare failed to pay for the services provided to Sylvester. Tenet alleges, however, that it "is not seeking benefits as an assignee of benefits under Sylvester's insurance plan." *See* Complaint, Exh. 2 to Notice of Removal [Doc. # 1], ¶ 14. In substance, Tenet's claims depend on a determination that Sylvester has coverage under the Service Agreement.

Tenet filed this lawsuit in Texas state court, and UniCare removed based on federal question jurisdiction. UniCare asserts that Tenet's claims are preempted by the Employee Retirement Income Security Act ("ERISA"). Tenet filed its Motion for Remand, and the motion is now ripe for decision.

**II.    ANALYSIS**

A state court lawsuit is removable to federal court if it includes a claim arising under federal law. *See* 28 U.S.C. § 1441. A state law claim is removable, regardless of how carefully drafted to avoid removal, if it has been completely preempted by federal law. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004). ERISA § 514(a) expressly preempts all state laws that "relate to" any employee benefit plan, and § 502(a) allows a plan participant or beneficiary to recover benefits under the ERISA plan. *See id.* at 210. If a party could sue under § 502(a), and if there is no independent legal basis for recovery separate and apart from the ERISA plan, the state law cause of action is completely preempted by ERISA. *See id.* A legal duty is not independent of the ERISA plan if it "derives entirely from the particular rights and obligations established by ERISA benefit plans." *St. Luke's Episcopal Hosp. v. Acordia Nat'l*, 2006 WL 3093132, 39 EBC 1114, 1122 (S.D. Tex. 2006) (Rosenthal, J.).

In this case, Sylvester assigned to Tenet her right to benefits under the Service Agreement. As an assignee of the plan participant, Tenet could assert a claim under § 502(a). *See Tango Transport v. Healthcare Fin. Servs.*, 322 F.3d 888, 891 (5th Cir. 2003); *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 845 F.2d 1286, 1289 (5th Cir. 1988). As a result, the first prong of the preemption analysis is satisfied.

Tenet asserts a breach of contract claim based on UniCare's alleged breach of the Managed Care Agreement.[1] The Managed Care Agreement, however, entitles Tenet to recover from UniCare only for those "covered services" provided by the hospital to a "member" under a "service agreement." Tenet's right to payment under the Managed Care Agreement depends exclusively on whether Sylvester was entitled to benefits under the Service Agreement.[2] As a result, the Managed Care Agreement does not provide an independent legal basis for recovery separate from the ERISA plan. *See, e.g., St. Luke's*, 2006 WL 3093132; *Ambulatory Infusion Therapy Specialists, Inc. v. Aetna Life Ins. Co.*, 2006 WL 1663752, * 8 (S.D. Tex. 2006). The second prong for complete preemption is satisfied in this case.

Because Tenet's breach of contract claim is completely preempted by ERISA, the Court has federal subject matter jurisdiction of the claim. The Court also has supplemental jurisdiction over all remaining claims. *See* 28 U.S.C. § 1367.

### III.   CONCLUSION AND ORDER

Plaintiff's breach of contract claim is preempted by ERISA and, as a result, the Court has federal subject matter jurisdiction. It is hereby

---

[1] Tenet also asserts a cause of action for violations of the Texas Insurance Code and for negligent misrepresentation.

[2] The parties do not dispute that the Service Agreement is an ERISA plan.

**ORDERED** that Tenet's Motion for Remand [Doc. # 7] is **DENIED**.

SIGNED at Houston, Texas, this **21st** day of **December, 2007**.

_Nancy F. Atlas_
Nancy F. Atlas
United States District Judge